## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| GINA DIFLAVIS,<br>for herself and all others similarly situated,<br>Plaintiff,<br>v.<br><br>CHOICE HOTELS INTERNATIONAL, INC.,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. _____

JURY TRIAL DEMANDED

## COLLECTIVE AND CLASS ACTION COMPLAINT

Gina DiFlavis ("Plaintiff"), by and through her undersigned attorneys, hereby makes the following allegations against Choice Hotels International, Inc. ("Defendant") concerning her acts and status upon actual knowledge and concerning all other matters upon information, belief and the investigation of her counsel:

## NATURE OF THE ACTION

1.      Plaintiff brings this action to redress common policies and practices by which Defendant pays Clarion Hotel Housekeepers $5 for each "extra room" they clean each day rather than paying a true "time and a half" overtime premium rate for each overtime hour they work, including for work performed during unpaid meal breaks.  Defendant's overtime policies and practices violate the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PMWA") by failing to pay Clarion Hotel Housekeepers all legally-required overtime premium wages due for overtime work they perform with Defendant's knowledge.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction."  This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1331 because Plaintiff asserts a claim arising under the FLSA.

3.      This Court has supplemental jurisdiction over Plaintiff's PMWA claim pursuant to 28 U.S.C. § 1367, because this claim arises from the same occurrences and transactions as her FLSA claim (i.e., Defendants' failure to pay overtime wages) and are so related to this claim as to form part of the same case or controversy.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District: Plaintiff resides in this District, Plaintiff worked for Defendant in this District, Plaintiff suffered the losses at issue in this District, Defendant has significant business contacts in this District, Defendant is alleged to have engaged in the wrongful conduct at issue in this District, and actions and omissions giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

5.      Plaintiff Gina DiFlavis is an individual who resides in Delaware County, PA.  From early June 2018 to late August 2018, Ms. DiFlavis worked as a full-time, hourly Housekeeper at the Clarion Hotel & Conference Center in Essington, PA (Philadelphia Co.).  Ms. DiFlavis is personally familiar with, and has been personally affected by, the policies and practices described in this Complaint and has signed and filed a Consent Form to join this litigation.  *See* Exhibit A.

6.      Defendant Choice Hotels International, Inc. ("Choice Hotels"), based in Rockville, MD, is a one of the largest lodging companies in the world.  *See https://en.wikipedia.org*

*/wiki/Choice_Hotels* (accessed Sept. 5, 2018); *https://www.choicehotels.com/about* (accessed

Sept. 5, 2018). Choice Hotels owns a dozen hotel and motel brands totaling about 6,400 properties

worldwide, including roughly 300 Clarion hotels in 39 states. *See Allstays.com* (accessed Sept. 5,

2018);        *https://www.usatoday.com/story/travel/hotels/2018/07/05/choice-hotels-specializes-*

*economical-and-mid-priced-hotels/757523002/* (accessed Sept. 5, 2018).

7.      Throughout the relevant period, Choice Hotels has owned and exercised operational

control over all significant business functions relating to hourly Housekeepers in Clarion Hotels,

including: setting and implementing the common compensation, hours of work, overtime,

scheduling and timekeeping policies and procedures at issue in this matter, providing training on

these policies and procedures, tracking their hours worked and setting and paying their wages.

## BACKGROUND FACTS

8.      Defendant employs hourly Housekeepers to work in roughly 300 Clarion Hotel

locations.

9.      Clarion Hotel Housekeepers' duties include: making beds, replacing used towels

with new ones, vacuuming carpets, cleaning and disinfecting bathrooms, stocking toiletries,

changing bed sheets, polishing furniture, cleaning windows, restocking linen carts, observing

issues in the rooms they clean and reporting any issues to the technical and/or maintenance

departments.

10.     Defendant maintains common compensation, hours of work, overtime, scheduling

and timekeeping policies and procedures for all hourly Clarion Hotel Housekeepers that include:

       a.      scheduling Housekeepers to work five 8½-hour shifts per week

       b.      promising Housekeepers one 30-minute unpaid meal break per shift;

       c.      promising to pay Housekeepers $9.00 per hour for their first eight
           work hours each day plus $5.00 per room for each room they service
           beyond 16 per day;

d.      providing Housekeepers with a daily list of 16 or more rooms to service;

e.      allowing Supervisors to routinely add rooms to Housekeepers' daily service list throughout the day;

f.      expecting Housekeepers to continue working until they have serviced all of their assigned rooms each day;

g.      permitting Housekeepers to work between 10 and 12 hours per day, including during their unpaid meal break, to service all of their assigned rooms; and

h.      failing to pay Housekeepers overtime premium wages due for hours they work beyond forty per week.

11.      Defendant scheduled Ms. DiFlavis to work five 8½-hour shifts per week, with each shift including a 30-minute unpaid meal break.  Defendant promised to pay Ms. DiFlavis $9.00 per hour for her first 8 work hours per day plus $5.00 per room for each room she serviced beyond 16 each day.  Defendant gave Ms. DiFlavis a daily list of 16 or more rooms to service and her Supervisor routinely added more rooms to her service list throughout each day.  Defendant expected Ms. DiFlavis to continue working until she had serviced all of her assigned rooms which caused her to routinely work between 10 and 12 hours per day, including during her unpaid meal break.  On average, across her employment, Ms. DiFlavis worked about 50-55 hours per week, but was only paid for about 36 hours per week and did not receive an overtime premium rate of $13.50 for any hour she worked beyond forty per week.

12.      During her employment, Ms. DiFlavis saw other hourly Housekeepers and Supervisors following these common policies and procedures every day and, based on her observations and occasional discussions with other Housekeepers and Supervisors, came to believe these policies and procedures applied to, and affected, all hourly Housekeepers the same way.

13.      Defendant knows that Clarion Hotel hourly Housekeepers' work time is not properly tracked or paid for many reasons, including that: it maintains policies and procedures that

4

calculate Housekeepers' pay based on work hours and room totals Supervisors enter into the payroll system, not on Housekeepers' recorded time punches and room service records; Supervisors assign the rooms for Housekeepers to service and regularly observe them throughout the day to see how many rooms they service; Housekeepers regularly tell their Supervisors that they have worked during their meal break or missed their meal break; and Housekeepers occasionally complain to their Supervisors that they have not been paid for all the hours they worked or all the rooms they cleaned.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14.    Plaintiff brings her FLSA claim on an opt-in, collective basis pursuant to 29 U.S.C. § 216(b) for herself and all Clarion Hotel Housekeepers who have worked on a full-time, hourly basis during the maximum limitations period (the "FLSA Collective").  Plaintiff reserves the right to amend this definition as necessary.

15.    Plaintiff belongs to the FLSA Collective she seeks to represent, because she worked as a full-time, hourly Clarion Hotel Housekeeper during the relevant period.

16.    The FLSA Collective is "similarly situated," as defined by 29 U.S.C. § 216(b), because its members performed the same job and were subjected to the Company-wide policies and practices described herein.

17.    Plaintiff and the FLSA Collective do not meet any test for exemption under the FLSA.

18.    Based on Defendant's operation of about 300 Clarion Hotels, Plaintiff estimates that the FLSA Collective consists of at least several hundred and as many as a few thousand members.  Defendant's payroll and personnel records, among other documents, are expected to reveal the total number of people who qualify to participate in the FLSA Collective.

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

19.     Plaintiff brings her PMWA claim on an opt-out, class action basis pursuant to Fed. R. Civ. P. 23 for herself and all Pennsylvania residents who have worked as full-time, hourly Clarion Hotel Housekeepers and been denied overtime premium wages for overtime hours worked during the maximum limitations period (the "PA Class").

20.     Plaintiff is a member of the PA Class because she is a Pennsylvania resident who worked as a full-time, hourly Clarion Hotel Housekeeper and was denied overtime premium wages for overtime hours worked during the maximum limitations period.

21.     Class treatment of Plaintiff's PMWA claim is appropriate because the PA Class satisfies the requirements of Fed. R. Civ. P. 23.

22.     The PA Class is so numerous that joinder of all its members would be impracticable.  Based on Defendant's operation of about 300 Clarion Hotels, Plaintiff estimates that the FLSA Collective consists of at least a few thousand members, meaning that joining all of their claims would be impracticable.

23.     Plaintiff's claim is typical of the claim belonging to the PA Class and she has no interests that are antagonistic to, or in conflict with, the interests of the PA Class.

24.     There are many questions of law and fact common to the claims of the PA Class members because, *inter alia*, this action concerns the legality of the common scheduling, timekeeping and compensation policies and practices described herein.  The legality of these policies will be demonstrated by applying generally applicable legal principles to common evidence.

25.     Plaintiff will fairly and adequately assert and protect the interests of the PA Class because: there is no apparent conflict of interest between Plaintiff and the PA Class; Plaintiff's

counsel have successfully prosecuted many complex class actions, including state-law wage and hour class actions, and will adequately prosecute these claims; and Plaintiff has adequate financial resources to assure that the interests of the PA Class will not be harmed because her counsel have agreed to advance the costs and expenses of litigation on the Class' behalf contingent upon the outcome of this litigation consistent with Pa. R. Prof. Conduct 1.8(e)(1). .

26.     Allowing this action to proceed as a class action will provide a fair and efficient method for adjudication of the issues presented by this controversy because issues common to the PA Class predominate over any questions affecting only individual members; no difficulties are likely to be encountered in the management of this litigation as a class action; and the claim addressed in this Complaint is not too small to justify the expenses of class-wide litigation, nor is it likely to be so substantial as to require the litigation of individual claims.

27.     Allowing Plaintiff's PMWA claim to proceed as a class action will be superior to requiring the individual adjudication of each PA Class member's claim, since requiring several hundred hourly-paid employees to file and litigate individual wage claims will place an undue burden on the PA Class members, Defendant and the Courts.  Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expenses if these claims were brought individually.  Moreover, as the damages suffered by each PA Class member are relatively small, the expenses and burdens associated with individual litigation would make it prohibitively impractical for them to bring individual claims.  Further, the presentation of separate actions by individual PA Class members could create a risk for inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of the PA Class members to protect their interests.

28.    Allowing Plaintiff's claim to proceed in a class action setting is also appropriate because Pennsylvania's wage laws expressly permit private class action lawsuits to recover unpaid regular and overtime wages.

## COUNT I
## VIOLATION OF THE FLSA
## <u>Unpaid Overtime Wages</u>

29.    Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

30.    Defendant is an "employer" as defined by 29 U.S.C. § 203(d).

31.    Plaintiff and the FLSA Collective members are "employees" as defined by 29 U.S.C. § 203(e)(1).

32.    The wages Defendant pays to Plaintiff and the FLSA Collective are "wages" as defined by 29 U.S.C. § 203(m).

33.    Defendant is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

34.    Plaintiff and the FLSA Collective are similarly-situated individuals within the meaning of 29 U.S.C. §216(b).

35.    29 U.S.C. § 216(b) expressly allows private plaintiffs to bring collective actions to enforce employers' failure to comply with the FLSA's requirements.

36.    Throughout the relevant period, Defendant has been obligated to comply with the FLSA's requirements, Plaintiff and the FLSA Collective members have been covered employees entitled to the FLSA's protections, and Plaintiff and the FLSA Collective members have not been exempt from receiving wages required by the FLSA for any reason.

37.    29 U.S.C. § 207(a)(1) requires employers to pay their employees an overtime rate, equal to at least 1½ times their regular rate of pay, for all hours worked in excess of 40 hours per week.

38.    Defendant has intentionally violated this provision of the FLSA by maintaining common timekeeping and compensation policies and practices that include: scheduling Plaintiff and the FLSA Collective to work five 8½-hour shifts per week; promising Plaintiff and the FLSA Collective one 30-minute unpaid meal break per shift; promising to pay Plaintiff and the FLSA Collective $9.00 per hour for their first eight work hours each day plus $5.00 per room for each room they service beyond 16 per day; providing Plaintiff and the FLSA Collective with a daily list of 16 or more rooms to service; allowing Supervisors to routinely add rooms to Plaintiff's and the FLSA Collective's daily service list throughout the day; expecting Plaintiff and the FLSA Collective to continue working until they have serviced all of their assigned rooms each day; permitting Plaintiff and the FLSA Collective to work between 10 and 12 hours per day, including during their unpaid meal break, to service all of their assigned rooms; and failing to pay Plaintiff and the FLSA Collective overtime premium wages due for hours they work beyond forty per week.

39.    Defendant has acted with willful and/or reckless disregard for Plaintiff's and the FLSA Collective members' rights under the FLSA because it knows the FLSA Collective members' work time is not properly tracked or paid for many reasons, including that: it maintains policies and procedures that calculate the FLSA Collective members' pay based on work hours and room totals Supervisors enter into the payroll system, not on their recorded time punches and room service records; Supervisors assign the rooms for the FLSA Collective members to service and regularly observe them throughout the day to see how many rooms have been serviced, or remain to be serviced; the FLSA Collective members regularly tell their Supervisors that they have

9

worked during their meal break or missed their meal break; and the FLSA Collective members occasionally complain to their Supervisors that they have not been paid for all the hours they worked or all the rooms they cleaned.

40.    Defendant has no good faith justification or defense for the conduct detailed above, or for failing to pay Plaintiff and the FLSA Collective members all wages mandated by the FLSA.

41.    Plaintiff and the FLSA Collective have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime premium wages owed for overtime work they performed that provided Defendant with a direct and substantial benefit.

## COUNT II
## VIOLATION OF THE PMWA
## Unpaid Overtime Wages

42.    Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

43.    PMWA Section 4(c) requires employers to pay their employees overtime compensation of "not less than one and one-half times the employee's regular rate" for all hours worked over 40 in a given workweek.  *See* 43 P.S. § 333.104(c).

44.    Under the PMWA, overtime is calculated based on the number of hours worked in a "workweek", defined in controlling regulations as "a period of 7 consecutive days."  *See* 34 Pa. Code § 231.42.

45.    Throughout the relevant period, PMWA Section 8 required Defendant to "keep a true and accurate record of the hours worked by each employee and the wages paid to each."  *See* 43 P.S. § 333.108.

46.     Defendant has intentionally violated these provisions of the PMWA by maintaining common timekeeping and compensation policies and practices that include: scheduling Plaintiff and the PA Class members to work five 8½-hour shifts per week; promising Plaintiff and the PA Class members one 30-minute unpaid meal break per shift; promising to pay Plaintiff and the PA Class members $9.00 per hour for their first eight work hours each day plus $5.00 per room for each room they service beyond 16 per day; providing Plaintiff and the PA Class members with a daily list of 16 or more rooms to service; allowing Supervisors to routinely add rooms to Plaintiff's and the PA Class members' daily service list throughout the day; expecting Plaintiff and the PA Class members to continue working until they have serviced all of their assigned rooms each day; permitting Plaintiff and the PA Class members to work between 10 and 12 hours per day, including during their unpaid meal break, to service all of their assigned rooms; and failing to pay Plaintiff and the PA Class members overtime premium wages due for hours they work beyond forty per week.

47.     Defendant has acted with willful and/or reckless disregard for Plaintiff's and the PA Class members' rights under the PMWA because it knows the PA Class members' work time is not properly tracked or paid for many reasons, including that: it maintains policies and procedures that calculate the PA Class members' pay based on work hours and room totals Supervisors enter into the payroll system, not on their recorded time punches and room service records; Supervisors assign the rooms for the PA Class members to service and regularly observe them throughout the day to see how many rooms have been serviced, or remain to be serviced; the PA Class members regularly tell their Supervisors that they have worked during their meal break or missed their meal break; and the PA Class members occasionally complain to their Supervisors that they have not been paid for all the hours they worked or all the rooms they cleaned.

48.     Defendant has no good faith justification or defense for the conduct detailed above, or for failing to pay Plaintiff and the PA Class members all wages mandated by the PMWA.

49.     Plaintiff and the PA Class members have been harmed as a direct and proximate result of the unlawful conduct described here, because they have been deprived of overtime premium wages owed for overtime work they performed and from which Defendant derived a direct and substantial benefit.

WHEREFORE, Plaintiff respectfully prays for an Order:

a.     Certifying this matter to proceed as a collective action with respect to Count I and as a class action with respect to Count II;

b.     Approving Plaintiff as an adequate Class representative;

c.     Appointing Stephan Zouras, LLP to serve as Class Counsel;

d.     Finding Defendant willfully violated the applicable provisions of the FLSA and PMWA by failing to pay all required overtime wages to Plaintiff and the FLSA Collective and PA Class members;

e.     Granting judgment in favor of Plaintiff and the FLSA Collective and PA Class members against Defendant, and each of them, jointly and severally, on Counts I and II;

f.     Awarding all available compensatory damages in amounts to be determined;

g.     Awarding all available liquidated damages in amounts to be determined;

h.     Awarding pre-judgment interest on all compensatory damages due;

i.     Awarding a reasonable attorney's fee and reimbursement of all costs and expenses incurred in litigating this action;

j.     Awarding equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint;

k.     Awarding any further relief the Court deems just, necessary and proper; and

l.     Maintaining jurisdiction over this action to ensure Defendant's compliance with the foregoing.

## JURY DEMAND

Plaintiff demands a jury trial as to all claims so triable.


Respectfully Submitted,

Dated: September 12, 2018          */s/ David J. Cohen*
David J. Cohen
STEPHAN ZOURAS LLP
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836
dcohen@stephanzouras.com

Ryan F. Stephan
James B. Zouras
STEPHAN ZOURAS, LLP
100 North Riverside, Suite 2150
Chicago, IL  60606
312-233-1550
rstephan@stephanzouras.com
jzouras@stephanzouras.com

*Attorneys for Plaintiff*