## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GINA DiFLAVIS,
  for herself and all others similarly situated,

*Plaintiff*

v.

CHOICE HOTELS INTERNATIONAL,
INC., and

RAMA CONSTRUCTION CO., INC.,

*Defendants*

Civil Action No. 18-3914 (GEKP)

## <u>ORDER</u>

AND NOW, this _____ day of _____, _____,  upon  consideration  of

Defendant, Rama Construction Co., Inc.'s, Motion for Summary Judgment, and any response(s)

thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED** and Plaintiff's

claims against Rama Construction Co., Inc., are **DISMISSED** with prejudice.

_____

**J**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GINA DiFLAVIS,
   for herself and all others similarly situated,

                            *Plaintiff*

            v.

CHOICE HOTELS INTERNATIONAL,
INC., and

RAMA CONSTRUCTION CO., INC.,

                         *Defendants*

Civil Action No. 18-3914 (GEKP)

## DEFENDANT RAMA CONSTRUCTION CO., INC.'S MOTION
## FOR SUMMARY JUDGMENT

Defendant, Rama Construction Co., Inc. (hereinafter "Rama Construction"), by and through its counsel, Paisner Litvin LLP, hereby moves this Court to grant summary judgment in its favor.

In support of this motion, Rama Construction incorporates by reference and rely upon the Brief in Support filed contemporaneously herewith.

WHEREFORE, Defendant Rama Construction respectfully requests that this Court grant its Summary Judgment Motion and dismiss Plaintiff's claims against Rama Construction with prejudice.

Dated:  May 30, 2019

                                 Susan M. Cirilli, Esq.
                                 PAISNER-LITVIN LLP

30 Rock Hill Road
Bala Cynwyd, Pennsylvania  19004
484.436.2122(P)
*Counsel for Defendant*
*Rama Construction Co. Inc.*

**TABLE OF CONTENTS**

Introduction…………………………………………………………………………..…1

Questions Presented…………………………..…………………………………………2

Statement of Facts……………………………………………………………………...…2

Legal Standard…………………………………………………….………………..3

Argument…………………..…………………………………………………..4

Conclusion…………………………………………………………………16

# TABLE OF AUTHORITIES

## CASES

2016 WL 5870858 * 5 (E.D.PA October 7, 2016) ........................................................ 14

*Alers v. City of Philadelphia*, 919 F. Supp.2d 528 (E.D.PA 2013) ......................................... 5,8,11

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249 (1986) ......................................... 4,15

*ATG Trust Company v. Schlictman*, 314 F.Supp. 3d 718 (E.D.PA 2018)............................4

*Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). ...................................................... 3

CIV. A. 92-7049, 1994 WL 323750, at *14 (E.D. PA June 28, 1994)........................................ 16

*Estate of Zimmerman v. Southeastern Pennsylvania Transportation Authority*, 17 F. Supp. 2d 372 (E.D. PA 1998),.......................................................... 15

*First National Bank of Arizona* v. *Cities Service Co.*, 391 *U.S.* 253 (1968) ........................... 3, 15

*Ford-Green v. NHS, Inc.,* 106 F.Supp. 3d 590, 611 (E.D.PA 2015) ........................................ 5,12

*Ford v. Frame*, CIV. A. 92-7049, 1994 WL 323750 (E.D.PA June 28, 1994)...................................16

*Garrow v. Wells Fargo Bank N.A.*, 2016 WL 5870858, at *5 (E.D.PA October 7, 2016)...... 14,15

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) .................................... 3

*Philadelphia Metal Trades Council v. Konnerud Consulting West, A.S.*, 2016 WL 1086709 *4 (March 21, 2016)................................................................ 5

*Rosano v. Township of Teaneck*, 754 F.3d. 177 (3d. Cir. 2014).......................................... 8,11,14

*Scott v. Harris*, 550 U.S. 372 (2007) ................................................................................ 15, 16

*Sniscak v. Borough of Raritan*, 86 Fed.Appx. 486 (3d Cir. 2003) ........................................ 8, 12

*Swick v. UPS,* 2005 U.S. Dist. LEXIS 15630 (D.N.J. July 25, 2005) ........................................ 3

*Taylor v. Cherry Hill Bd. of Educ.*, 2004 U.S. App. LEXIS 424, *8-9 (3d Cir. 2004).............……………………………………………………………………………......3

*Trap Rock Indus. v. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890-891 (3d Cir. 1992) ............................................................................................................................. 3

## STATUTES

29 U.S.C.A. §207(a)(1) ................................................................................... 4, 5, 12

43 P.S. §333.104(c) ......................................................................................... 4, 5

*Fed. Rule Civ. P. 56(a)*. ................................................................................... 3

*Fed. Rule Civ. P. 56(c)(1)(A)* .......................................................................... 3

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| GINA DiFLAVIS,<br>  for herself and all others similarly situated,<br><br>                                        *Plaintiff*<br><br>                    v.<br><br>CHOICE HOTELS INTERNATIONAL,<br>INC., and<br><br>RAMA CONSTRUCTION CO., INC.,<br><br>                                        *Defendants* | Civil Action No. 18-3914 (GEKP) |

**DEFENDANT RAMA CONSTRUCTION'S BRIEF IN SUPPORT OF**
**ITS MOTION FOR SUMMARY JUDGMENT**

Defendant, Rama Construction, Co., Inc. ("Rama"), by and through its attorneys, Paisner Litvin LLP, hereby submits this Brief in Support of its Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56, and Local Rule 7.1.

## I.    Introduction

On or about September 12, 2018, Plaintiff initiated the instant action via Complaint with this Honorable Court.  Plaintiff identified Rama and Choice Hotels International, Inc., as Defendants. Plaintiff's Amended Complaint includes two (2) counts alleging that Rama failed to compensate her in accordance with the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA").  Specifically, Plaintiff alleges that she has been deprived of overtime premium wages owed for work she performed in excess of forty  hours in a workweek.

In FLSA matters Plaintiff bears the burden to (1) demonstrate that she worked overtime and (2) produce sufficient evidence outlining the amount and extent of the overtime work.  In the case at bar, Plaintiff has not offered a shred of probative evidence indicating that she worked overtime at all, let alone any documentation or testimony that alludes to the amount of the alleged overtime work.

In accordance with Federal statutory requirements, Rama maintained detailed records of the wages, hours and other conditions of employment of its employees, including Plaintiff.  Such records, produced during discovery of this case, clearly establish that Plaintiff never worked beyond forty  hours in a work week while employed by Rama.

In contrast to Rama's records, Plaintiff failed to offer any evidence beyond conclusory deposition testimony that she is owed overtime pay.  Unable to offer any dates or hours she supposedly worked overtime, or estimates of the overtime she supposedly worked, Plaintiff's claim rests entirely on the unsupported allegation that she "knows" she worked overtime.  That is not enough.  Summary judgment is appropriate.

**II.   Questions Presented**

Question:     Should this Honorable Court grant summary judgment where Defendant, Rama, produced a record evidencing Plaintiff's hours worked and compensation, which confirms that Plaintiff did not work in excess of forty hours in a workweek, and Plaintiff did not produce any contrary evidence ?

Suggested Answer:  Yes.

**III.   Statement of Facts**

Defendant incorporates by reference the attached Statement of Undisputed Facts.

**IV.   Legal Standard**

Summary Judgment is granted when, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. Rule Civ. P. 56(a)*. When moving for Summary Judgment, the moving party may support its position using the record including, "depositions, documents, electronically stored information, affidavits or declarations, stipulations…admissions, interrogatory answers, or other materials. *Fed. Rule Civ. P. 56(c)(1)(A)*.

While the Court must construe the evidence in light most favorable to the nonmoving party, the nonmoving party "may not rest upon the mere allegations or denials of the pleadings," but "must set forth ***specific facts*** showing that there is a genuine issue for trial." *First National Bank of Arizona* v. *Cities Service Co.*, 391 *U.S.* 253, 288-289 (1968) (emphasis added); *see also*, *Fed. R. Civ. P. 56(c)*; *Taylor v. Cherry Hill Bd. of Educ.*, 2004 U.S. App. LEXIS 424, *8-9 (3d Cir. 2004)*. "Conclusory allegations" are insufficient to satisfy the requirements of a summary judgment. *Swick v. UPS*, 2005 U.S. Dist. LEXIS 15630 (D.N.J. July 25, 2005); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In addition, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986). "If the non-moving party's evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Trap Rock Indus. v. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890-891 (3d Cir. 1992).

In the instant case, Plaintiff's claims require that she demonstrate that she worked overtime for which she not paid. Rama produced evidence demonstrating that she did not work overtime while Plaintiff make conclusory allegations that she "knows" she did but offers no details as to the dates she worked overtime, the overtime hours she worked or how much she is supposedly owed.

Such completely unsupported and conclusory allegations do not present more than a "metaphysical" doubt as to material facts.

## I.   Argument

### A. Plaintiff's Claims Under the Fair Labor Standards Act, and the Pennsylvania Minimum Wage Act Fail as a Matter of Law, as She Did Not Work in Excess of Forty Hours in a Work Week

Plaintiff's claims under the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA") fail, as the record is replete with evidence that Plaintiff did not work in excess of forty hours in any week while employed by Rama. Plaintiff, in turn, offered absolutely no evidence beyond the vague and unsubstantiated pleadings to support her claims that she is owed overtime.

#### i.   Amount of Accrued Overtime is a Material Fact for Both State and Federal Claims

The amount of accrued overtime is a "material fact." *See* Fed. Rule. Civ. P. 56(a). A fact is "material" if it could affect the outcome of a suit. *ATG Trust Company v. Schlictman*, 314 F. Supp. 3d 718, 722 (E.D.PA 2018). The materiality of a fact is determined by the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The case at bar involves two (2) claims: (1) a claim for owed overtime wages under the Fair Labor Standards Act ("FLSA"), and (2) a claim for same under the Pennsylvania Minimum Wage Act ("PMWA"). *See* Plaintiff's Amended Complaint, attached hereto as Exhibit "C", *see also* 29 U.S.C.A. §207(a)(1) and 43 P.S. §333.104(c). The material fact for both of the above-referenced claims is the amount of overtime owed.

Both the state and federal statutes require employers to pay one and one-half times the regular rate for hours worked in excess of forty in a workweek. Section 207(a)(1) of the FLSA requires that employers shall not employ any employees, "for a workweek longer than forty hours unless

such employee receives compensation for his employment in excess of the hours specified above at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C.A. §207(a)(1). Section 333.104(c) of the PMWA requires that employers compensate employees for overtime, "for hours in excess of forty hours in a workweek." 43 P.S. §333.104(c).

This Honorable Court has recognized that PMWA claims parallel FLSA claims and are substantively identical. *See Ford-Green v. NHS, Inc.*, 106 F. Supp. 3d 590, 613 (E.D. Pa. 2015). Both claims require a "factual determination of the amount of overtime the Employees worked…" *Philadelphia Metal Trades Council v. Konnerud Consulting West, A.S.*, 2016 WL 1086709 *4 (March 21, 2016), *see also Alers v. City of Philadelphia*, 919 F. Supp.2d 528,558 (E.D.PA 2013).

In light of the aforementioned statutes and case law, the issue of this case is whether Plaintiff worked overtime. The instant matter cannot survive summary as Plaintiff has failed to meet her burden of demonstrating a genuine issue of material fact. To the contrary, Plaintiff's "evidence" that she ever worked overtime is limited to bald allegations lacking specificity or support.

### ii. There is No Genuine Issue of the Fact as to the Amount of Overtime Owed, as Plaintiff Did Not Work in Excess of Forty Hours in a Work Week

Plaintiff was an employee of Rama from June 27, 2018 through August 16, 2018. A true and correct copy of Rama's Time Keeper Records, and the Supervisor's Notes are attached as Exhibits "A" and "B" respectively. The Time Keeper Records demonstrate that Plaintiff appeared for work 26 timesover the course of her six-week employment with Rama. Ex. "A."

Plaintiff claimed that she cannot recall her first date of employment with Rama.[1] A true and correct copy of Plaintiff's Deposition Transcript is attached hereto as Exhibit "G." at 82:7-10

---

[1] Plaintiff alleged in the Amended Complaint that Rama and co-defendant Choice Hotels International, Inc. ("Choice Hotels"), are joint employers. A true and correct copy of Plaintiff's Amended Complaint is attached hereto as Exhibit "C." Rama specifically denied all averments alleging a joint employer relationship, and objected to same in its Answers to Interrogatories and Responses to Requests for Production of Documents. True and correct copies of Rama's Answer to Plaintiff's Amended Complaint,

("I don't recall exactly what day it was. It was hot. It was in the summer."), 260:10-20("It was hot out when I worked. I can't remember the dates, though…Sorry I don't remember the dates. No time close. I just don't remember the dates. I'm sorry.").

Plaintiff applied for employment with Rama on June 13, 2018. A true and correct copy of the Application for Employment is attached hereto as Exhibit "H." Plaintiff's employee file repeatedly confirms that Plaintiff started working with Rama on June 27, 2018. *See* Oreta Brooks' Affidavit, attached hereto as Exhibit "I" at ¶15. Plaintiff's supervisor Oreta Brooks' notes indicate that Plaintiff commenced work with Rama on June 27, 2018. Ex. "B" ("Ms. DiFlavis is under her 90 days probationary period her hire date was 6/27/18…"). In addition, the onboarding documentation including the Manager's New Hire Check List, Personnel Authorization Form, Form W-4, Residency Certification Form, Job Description Authorization, Worker's Compensation Documentation, Equal Employment Opportunity Authorization, Name Tag Request, and Employee Handbook Authorization, are all dated June 27, 2018. A true and correct copy of the Onboarding Documentation is attached collectively hereto as Exhibit "J." Lastly, the Time Keeper System that tracks the employee's work confirms that Plaintiff's first day of work was on June 27, 2018. Ex. "A" *see also* a true and correct copy of Plaintiff's Statement of Earnings is attached hereto as Exhibit "K."

Despite the established record, Plaintiff testified that she worked prior to the date of her application, June 13, 2018, but does not provided a scintilla of evidence to support such a claim. Plf. Dep. 305:8-12. Plaintiff asserts that she worked 60 hours prior to June 27, 2018, but includes absolutely no evidence or accounting for such time. Plf. Dep. at 306-7. In fact, Plaintiff

---

Answers to Plaintiff's Interrogatories, and Responses to Plaintiff's Requests for Production of Documents are attached hereto as Exhibits "D," "E," and "F," respectively. Thus, Rama joins in Co-Defendant Choice Hotel's Motion for Summary Judgment with respect to the joint employer claims.

admitted that for the alleged time prior to June 27, 2018, she did not keep track of her time, and she could not even remember the dates she supposedly worked. Plf. Dep. at 306:10-21("I don't remember the dates. I don't remember exact dates. Remember I told you that earlier…There is no time record. I couldn't keep track of it."). When questioned on the method of payment for work prior to June 27, 2018, she alleged that Rama promised that the wages from that time would be included in the first paycheck beginning June 27, 2018. Plf. Dep at 307:4-24 ("I worked – the first pay stub I got, I don't remember the dates. She said it [wages from the time before June 27, 2018] was in there. It's not in there…I worked overtime. I never got paid."). While Plaintiff testifies that she cannot recall the date upon which she first started to work for Rama, there is no question that she began working on June 27, 2018. *See* Plf. Dep. at 82:13-83:10.

In reviewing the time records of pPlaintiff's employment, from June 27, 2018 through August 16, 2018, it is objectively clear that Plaintiff did not work in excess of 40 hours in a work week. Rama records and tracks time through a Time Keeper System, that accurately tracks employees' hours. Ex. "A." During Plaintiff's first week of employment, she worked 39.25 hours over five days. Ex. "A," *see also* Exhibit "J." During Plaintiff's second week of employment, from July 4, 2018 through July 8, 2018, she worked 38.5 hours. Ex. "A." During Plaintiff's third week of employment, from July 9, 2018 through July 15, 2018, she worked 37.5 hours. Id. During Plaintiff's fourth week of employment, from July 16, 2018 through July 22, 2018, she worked 37.75 hours. Id. During Plaintiff's fifth week of employment, from July 23, 2019, through July 27, 2018, she worked a total of 34 hours. Id. During Plaintiff's last week of employment, she worked on July 31, 2018 and August 3, 2018, totaling 17.75 hours. Id. The record thus establishes that Plaintiff did not work overtime hours and is not eligible for overtime pay.

### i. Plaintiff Offered No Probative Evidence to Establish That She Worked Overtime

In FLSA claims, plaintiffs bear, "the burden of proving that [s]he performed work for which she was not properly compensated." *Rosano v. Township of Teaneck*, 754 F.3d. 177, 188 (3d. Cir. 2014). Plaintiff must produce enough evidence so that a court may make a "fair and reasonable inference that the employee performed work for which [she] received improper compensation." *Alers v. City of Philadelphia*, 919 F.Supp.2d at 528 (E.D.PA 2013), *see also Sniscak v. Borough of Raritan*, 86 Fed.Appx. 486, 487 (3d Cir. 2003)("Plaintiff-employees asserting FLSA claims bear the burden of proving they performed work for which they were not paid."). An employee must, "submit sufficient evidence from which violations of the [FLSA] *and* the amount of an award may be reasonably inferred." *Id.*(emphasis added).

In the Amended Complaint, Plaintiff generally averred that she was owed monies for overtime compensation. Ex. "D" at ¶47, 74, 75. These general and vague allegations of unpaid overtime are repeated throughout Plaintiff's written discovery and deposition testimony. *See* Ex. "G", and *see* Plaintiff's Answers to Interrogatories and Plaintiff's Responses to Requests for Production of Documents attached hereto as Exhibits "L" and "M" respectively. In her responses to Interrogatories, Plaintiff does not provide even an estimate as to the hours she worked without being compensated properly. Ex. "B" at No. 7:

> 7. For each workweek during your employment with Rama when you were a "Housekeeper", that you claim you worked more than 40 hours and for which you allege you were not properly compensated under the Fair Labor Standards Act and the Pennsylvania Minimum Wage Act, state (1) the precise number of hours you claim you worked; (2) the exact and total dollar amount of unpaid wages, such as overtime, you claim to be owed for such date or workweek; and (3) all documents, mathematical calculations, formulations, theories, and/or assumptions that you utilize to arrive at the dates, number of hours, and dollar amount for each date or workweek. For each week for which you cannot give a precise number, state why you are unable to do so. Your answer should be organized by provided responsive information for each separate workweek.

> RESPONSE:  Plaintiff incorporates the General Objections set forth fully herein.  ***Subject to these objections, Plaintiff claims an entitlement to compensatory damages for unpaid overtime wages during the period from early June 2018 to late August 2018 plus liquidated damages, pre-judgment interest on all compensatory damages due, attorney's fees and costs, equitable and injunctive relief and any further relief the Court deems just, necessary and proper.***  Discovery is ongoing and neither Defendant has yet produced any documents that would permit or support these calculations.  By way of further answer, Plaintiff expects to produce her damage calculations on a schedule established by the Court after the Parties have completed full merits and damages discovery.

Plaintiff continues this regurgitation of the Amended Complaint allegations in her Responses to the Requests for Production of Documents.  Ex. "M."  When asked to substantiate the hours that Plaintiff worked, Plaintiff continued to avoid producing any probative evidence by repeating the vague allegations in the Amended Complaint.  Ex. "M" at No. 17.

> Request:   All documents relating to the  number of hours you worked for Rama during your employment, including but not limited to schedules, calendars, planners, time cards, payroll, reports, diaries and journals.

> Response:   Plaintiff incorporates the General Objections as if set forth fully herein.  Subject to these objections, *see* Plaintiff's Response to Request 4, above.

Not surprisingly, Response Number 4 redirects Defendants to review Responses Numbers 1 and 2.  Ex. "M" at No. 4.  The initial two responses simply direct Defendants to review Plaintiff's Amended Complaint and review five pay stubs produced by Plaintiff.  Ex. "M" at Nos. 1-2.  It is worth noting that the pay stubs produced merely confirm the payroll records that are already in possession of Rama and demonstrate that she worked less than forty hours in any week of her employment.  *See*, Ex. "A" and "K."  In other words, Plaintiff's "proof" is the same documentary evidence disproving her claim.

9

At deposition, Plaintiff offered no more specifics, but rather, a plethora of unsubstantiated testimony claiming overtime. Plf. Dep. 58:1-10. While Plaintiff testified to documenting her own hours during the first weeks of her employment, she did not preserve any of the alleged writings. Plf. Dep. 51:13-24.

Unable to identify dates or hours she supposedly worked overtime, Plaintiff simply repeats, *ad naseum*, that she worked past 4:00 p.m. during the first few weeks of her employment At deposition, Plaintiff's testimony made clear that the essence of her claim is belief that she worked past 4:00 pm.

> A:    So I know I put my hand on the time clock. I don't know where it went or who was adding it up or who did what, but **I know that I was there past 4:00**, and so does my babysitter because I had to pay her. I was there for well over what it says. I don't know where the time clock information goes.

Plf. Dep. at 64:17-24.

> A:    It's not on paper. It says 8:00 to 4:00 on the time sheet. **I worked way past 4:00**.

Plf. Dep. at 109:2-4.

> A;    I don't know the exact amount of hours I worked. **But it was past 4:00, I know that. I remember my babysitter complaining, I thought you only had to work till 4:00. I'm like I have to work until it's done.**

Plf. Dep. at 115:2-10.

> A:    I estimate at least three that I stayed well over 4:00. There was a few times I got done and got to leave before 4:00 or at 4:00. But it was at least three.

Plf. Dep. at 116:13-19.

Even if she did stay past 4:00 p.m. on any given day, however, such a fact would not evidence that she worked over forty hours in a workweek. The record is clear that *none of the*

*Housekeeper shifts end at 4:00 p.m..  See* Ex. "A," "I" at ¶¶8-9, *see also* a true and correct copy of

the Housekeeper Schedule attached hereto as Exhibit "N."  The shifts on Monday through Saturday

begin at 8:00 a.m. and end at 4:30 p.m..  *Id.*  On Sundays, the shift begins at 9:00 a.m. and ends at

5:30 p.m..  *Id.*  During each shift, the employees receive a thirty minute unpaid lunch break along

with two fifteen minute paid breaks.  *Id.*

Setting aside the fact that Plaintiff was supposed to stay past 4:00 p.m., Plaintiff disregards

the other variable that affects her shift time, notably lateness.  *See* Ex. "A," "I" and "N."  Plaintiff

was late 14 times in the month of July.  Ex. "A" and "I."  Plaintiff continuously disregards the fact

that arrival time affects the actual amount of time worked, and thus the amount of time calculated

towards overtime.

In other words, Plaintiff is unable to demonstrate that she worked past her scheduled ending

time on any given day.  But even if she could, her argument belies a fundamental misunderstanding

of the law.  It appears that Plaintiff is basing her claim  on the mistaken assumption that under

Federal and State law she is entitled to overtime after working  eight hours in a day rather than

forty hours in a work week as the law requires.  *See, Rosano v. Township of Teaneck*, 754 F.3d

177, 189 (3d. Cir. 2014).  In this respect, Plaintiff's claims are analogous to the overtime claims

rejected by the Third Circuit Court in *Rosano v. Township of Teaneck* where employees submitted

a spreadsheet of alleged overtime damages based on the "assumption that overtime accrued for

any time worked beyond an eight-hour [shift]."  754 F.3d 177, 189 (3d. Cir. 2014).  In that case,

the Court affirmed summary judgment stating that, "such a framework does not provide any basis

for discerning whether the hours worked by each individual officer exceeded the necessary

threshold for overtime under the FLSA, which defines overtime entitled based upon a work period

and not a work day."  *Id.*, *see also* 29 U.S.C. §207(a)(1).  In the instant matter, Plaintiff did not

produce a spreadsheet of her hours or any documentation supporting her claim.   Rather, she produced five paystubs that demonstrate that she worked less than forty hours in any given week. *See* Ex. "M."

As explained above, in order to bring a viable cause of action under the FLSA, an employee must also proffer *some* evidence that accounts for some amount of an award. *Sniscak v. Borough of Raritan*, 86 Fed. Appx. At 487 (3d. Cir. 2003).   In *Ford-Green v. NHS, Inc.*, the court dismissed the FLSA claim as plaintiff did not allege an approximation of the uncompensated hours.   106 F.Supp. 3d 590, 611 (E.D.PA 2015).("Moreover, Plaintiff has not alleged an approximation of the hours for which she was not compensated—she alleges only generally that she worked more than forty hours per week.").

Here, Plaintiff has not even provided a guess as to how much overtime she worked, and how much wages she is owed.   She testifies vaguely to being owed overtime.  Throughout her deposition, Plaintiff again and again makes unsupported assertions that she is owed overtime.  Plaintiff goes as far to say that the system that Rama utilized was inaccurate but does not elaborate further.  Plf. Dep. 188:4-189:7.

> Q.    So when you put your hand on the machine to clock in and clock out, is it your understanding that there is an intermediate step where someone else puts in your hours to submit to the payroll service?
>
> A:    I don't know what happens.  I don't know.  I know that my hours were wrong.  I know that.  I know I didn't get paid for overtime.  I know that. I don't know what the time close does with it.  I don't know.  I'm sorry…I'm trying to tell you that I didn't get paid for the hours that I worked and I definitely didn't get paid for overtime.  I didn't get paid $5 for ever room that I cleaned extra past 16…I know how much I made.  I know when I worked.  I don't know the exact amount of hours.  I know I didn't get paid for them.  I know that.

Without an identification of hours or dates she allegedly worked overtime, Plaintiff's repeated general pronouncements that she is owed overtime pay do not satisfy the minimum threshold this Court requires to survive summary judgment.  Plf. Dep. 58:4-6 ("I worked these hours overtime and didn't get paid for it."), 277:19-22("I am suggesting that I worked many overtime hours without getting paid."), 289:2-7 ("I only know one thing…I didn't get paid for overtime hours.  I didn't get paid for the hours that I worked overtime.").  Plaintiff cannot even surmise how much overtime she is owed because there is no supporting documentation for her claims.  Plf. Dep. 291:14-292:1.

> A:    I'm not sure of the question because I don't know exact amount of hours.  I know that I worked overtime and didn't get paid for it.  I worked over 40 hours a week and didn't get paid overtime.  That's what I know.  That's it.  That's why I'm here.  There it is.  I worked over 40 hours.  I didn't get paid for the overtime that I worked.

*Id.*

She has been unable to ascertain a range of hours she worked, and an amount of money she is owed.  Plf. Dep. At 279:22-280-2 ("You're talking about how much money I think I'm owed from the long hours that I worked, the money I owed the babysitter, the money I didn't get paid for?  I don't know.").

> Q:    How much money do you think you're owed for working and now getting paid?
>
> A:    I'm unsure of the total amount.
>
> Q:    How much do you think it is?
>
> A:    I'm unsure of the amount.
>
> Q:    Hundreds of dollars?
>
> A:    I'm unsure of the amount.
>
> Q:    Thousands of dollars?

A:  · You want me to guess?  I'm not sure of the amount.

Q:  Tens of thousands of dollars?

A:  I don't think its fair to answer.  I'm not sure.

Plf. Dep. at 280:11-281:2, *see also* Plf. Dep. at 281:15-18 ("It doesn't matter what I saw because I'm telling you that I don't know the total.  Listen, I'm telling you it doesn't matter."), *see also* Plf. Dep. at 282:1-4 ("I can't answer your question honestly so I'm not going to answer it.  All I know is that you never paid me for the work of overtime I did.").

Q:  You have no ballpark figure as to how many hours you think you were owed. Is that correct?

A:  ***I can't answer that question.  I can't honestly answer this question.***

Plf. Dep. at 283:10-22.

As in *Rosano*, Plaintiff here fails to offer any credible estimation of owed overtime hours. *See,* 754 F.3d at 189 (3d. Cir. 2014).  In that case, the Court explained that, "[a]n estimation of damage, which fails to set forth the proper method of calculation…hardly provides a foundation for an inquiring court to 'reasonably infer' FLSA violations or the amount of an award." *Id.*  In FLSA cases, mere speculation as to amount of owed compensation is not enough.  *Id.*  As in *Rosano*, Plaintiff does not argue that she lacked access to Rama payroll records. *See, id.*

The instant matter is analogous to *Garrow v. Wells Fargo Bank, N.A.*, where this Court granted summary judgment when Plaintiff solely relied on her deposition testimony and nothing more.  2016 WL 5870858 * 5 (E.D.PA October 7, 2016).  Plaintiff has offered nothing more than allegations in a Complaint, coupled with the hope that evidence will develop at trial.  *See First National Bank of Arizona v. Cities Service Co.*, 391 U.S. at 289 (1968).

The summary judgement inquiry requires the Court to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 241, *see also Scott v. Harris*, 550 U.S. 372, 380 (2007)("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.")

Summary Judgment is granted when, as is the case here, there is no probative evidence to support a complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249 (1986). As discussed above, Plaintiff has not offered a shred of evidence to support the claims for overtime. In *First National Bank of Arizona*, the Court held that Rule 56 does not permit plaintiffs to proceed to trial, "on the basis of the allegations in their complaints, coupled with the hope that something can be developed at trial in the way of evidence to support those allegations." Id. at 289. The United States Supreme Court furthered that a Plaintiff's satisfaction of the pleading requirement at the Motion to Dismiss stage, is no guarantee that Plaintiff is entitled to a trial:

> [W]hile we recognize the importance of preserving litigants' rights to a trial on their claims, we are not prepared to extend those rights to the point of requiring that anyone who files an antitrust complaint setting forth a valid cause of action be entitled to a full-dress trial notwithstanding the absence of any significant probative evidence tending to support the complaint.

Id. at 290. Courts do not accept unsubstantiated allegations of plaintiff when deciding a Motion for Summary Judgment. *Estate of Zimmerman v. Southeastern Pennsylvania Transportation Authority*, 17 F. Supp. 2d 372, 387 (E.D. PA 1998), *see also Garrow v. Wells Fargo Bank N.A.*, 2016 WL 5870858, at *5 (E.D.PA October 7, 2016)(Court dismissed Plaintiff's discrimination claim as the only evidence Plaintiff offered to support her claim was her own deposition

testimony.).  In *Ford v. Frame*, this Honorable Court confirmed the aforementioned rational by granting summary judgment when plaintiff offered no substantive or probative evidence beyond the pleadings to support his claim.  CIV. A. 92-7049, 1994 WL 323750, at *14 (E.D. PA June 28, 1994).  In that case, this Honorable Court specified that, "Plaintiff is not entitled to rely on his conclusory allegations in the complaint, pretrial memorandum, his own deposition testimony, or on self-written diaries of what allegedly occurred." Id.

This is a matter where Plaintiff's position is "blatantly contradicted by the record" and no reasonable jury could conclude that Plaintiff is owed any overtime compensation.  *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

**WHEREFORE**, for the reasons included herein, Moving Defendant respectfully requests that this Honorable Court grant its Motion for Summary Judgment and enter the Order attached hereto.

Respectfully submitted,

Susan M. Cirilli
Paisner Litvin LLP
30 Rock Hill Road
Bala Cynwyd, PA 19004
610.668.3306 (fax)
484.436.2122 (phone)
scirilli@paisnerlitvin.com

Attorneys for Defendant
Rama Company, Inc.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GINA DiFLAVIS,
  for herself and all others similarly situated,

                             *Plaintiff*

              v.

CHOICE HOTELS INTERNATIONAL,
INC., and

RAMA CONSTRUCTION CO., INC.,

                         *Defendants*

Civil Action No. 18-3914 (GEKP)

## DEFENDANT RAMA CONSTRUCTION CO.'S, STATEMENT OF UNDISPUTED FACTS

Defendant, Rama Construction Co., Inc. (hereinafter "Rama Construction") hereby submits this Statement of Undisputed Facts to be incorporated into Defendant's Brief in Support of the Motion for Summary Judgment:

1.      On or about September 12, 2018, Plaintiff initiated the instant action via Complaint with the District Court for the Eastern District of Pennsylvania. ECF Doc. No. 1.

2.      On or about October 22, 2018, Plaintiff filed an Amended Civil Action Complaint that includes two (2) counts for unpaid overtime wages under the Fair Labor Standards Act and the Pennsylvania Minimum Wage Act. Plf. Amended Complaint at Counts I and II (Ex. C).

3.      Plaintiff generally averred that she was owed for overtime compensation. Ex. C at ¶47,74, 75.

4.      On or about January 2, 2019, Rama Construction Answered Plaintiff's Amended Complaint specifically denying a joint employer relationship with co-defendant, Choice Hotel's

International, Inc.  Rama Construction's Answer to Plaintiff's Amended Complaint, ECF Doc. No. 25, *see also* Ex. "D," "E," and "F."

5.       Plaintiff applied for employment with Rama Construction on June 13, 2018. Rama000042-43 (Ex. H).

6.       Plaintiff's first day of work for Rama Construction was on June 27, 2018. Rama000001-2 (Ex. A),  Rama000012-14 (Ex. B) and Affidavit of Oreta Brooks (Ex. I)

7.       Rama Construction utilizes a Clock-In system where the employees use their handprint to clock in.  Plf. Dep. 56:6-18, *see also* Rama000001-2 (Ex. A).

8.       The shift for Housekeepers, including Plaintiff, on Mondays through Saturdays are from 8:00 am to 4:30 pm.  Ex. "I" at ¶8 and Ex. "N."

9.       The shift for Housekeepers, including Plaintiff, on Sundays is from 9:00 am to 5:30 pm.  Ex. "I" at ¶9 and Ex. "N."

10.       Plaintiff never worked over forty (40) hours in a work week.  Rama000001-10 (Ex. A, Ex. B).

11.       During Plaintiff's first week of employment, from June 27, 2018 through July 1, 2018, she worked 5 days totaling 39.25 hours, thus not making her eligible for overtime.  Rama 000003 (Ex. K) and Rama00001-2 (Ex. A).

12.       During Plaintiff's second week of employment, from July 4, 2018 through July 8, 2018, she worked 5 days totaling 38.5 hours.  Rama00001-2 (Ex. A).

13.       During Plaintiff's third week of employment, from July 9, 2018 through July 15, 2018, she worked 37.5 hours.  Rama00001-2 (Ex. A).

14.       During Plaintiffs fourth week of employment, from July 16, 2018 through July 22, 2018, she worked 37.75 hours. Rama00001-2 (Ex. A).

15.     During Plaintiff's fifth week of employment, from July 23, 2019, through July 27, 2018, she worked a total of 34 hours. Rama00001-2 (Ex. A).

16.     During Plaintiff's last week of work, she worked on July 31, 2018 and August 3, 2018, totaling 17.75 hours.  Rama00001-2 (Ex. A).

17.     The last day that Plaintiff performed work as an employee for Rama Construction was August 3, 2018.  Rama Doc. Prod. Rama000011 and Rama000022 (Ex. O).

18.     On August 16, 2018, Rama Construction terminated Plaintiff's employment.  Rama Doc. Prod. Rama000014 (Ex. B).

19.     Plaintiff did not identify the amount of hours that she worked in excess of 40 in a work week.  Plf. Ans. to Interrogatories (Ex. L) and Plf. Resp. to Req. for Prod. of Doc. (Ex. M), Plf. Dep. at 113:10-114:13, 190:1-9, 58:4-6, 277:19-22, 291:14-292:1, 279:22-280:2.

20.     Plaintiff did not provide an estimate as to the amount of unpaid overtime compensation that she is owed.  Plf. Dep. at 279:22-280:2, 280:11-281:2, 282:1-4, 283:10-22.

Respectfully submitted,

Susan M. Cirilli
Paisner Litvin LLP
30 Rock Hill Road
Bala Cynwyd, PA 19004
610.668.3306 (fax)
484.436.2122 (phone)
scirilli@paisnerlitvin.com

Attorneys for Defendant
Rama Company, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GINA DiFLAVIS,
  for herself and all others similarly situated,

*Plaintiff*

v.

CHOICE HOTELS INTERNATIONAL,
INC., and

RAMA CONSTRUCTION CO., INC.,

*Defendants*

Civil Action No. 18-3914 (GEKP)

## <u>CERTIFICATE OF SERVICE</u>

I, Susan M. Cirilli, Esquire, do hereby certify that a copy of Defendant Rama

Construction Co., Inc.'s Motion for Summary Judgment was electronically filed and served via

the Court's electronic filing system on this 30th day of May, 2019, upon the following:

**David J. Cohen, Esq.**
**James B. Zouras, Esq.**
**Ryan F. Stephen, Esq.**
Stephan Zouras LLP
100 N. Riverside Plaza, Suite 2150
Chicago, IL 60601

**Joseph J. Centeno, Esq.**
**Jared Pickell, Esq.**
Buchanan Ingersoll & Rooney PC
50 S. 16th Street
Suite 3200
Philadelphia, PA 19102-2555

Susan M. Cirilli
Paisner Litvin LLP
30 Rock Hill Road
Bala Cynwyd, PA 19004
610.668.3306 (fax)
484.436.2122 (phone)
scirilli@paisnerlitvin.com

Attorneys for Defendant
Rama Construction Company, Inc