## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GINA DiFLAVIS,<br>   for herself and all others similarly situated,<br><br>*Plaintiff*<br><br>v.<br><br>CHOICE HOTELS INTERNATIONAL,<br>INC., and<br><br>RAMA CONSTRUCTION CO., INC.,<br><br>*Defendants* | Civil Action No. 18-3914 (GEKP) |

## DEFENDANT RAMA CONSTRUCTION CO., INC.'S OPPOSITION TO PLAINTIFF'S CONDITIONAL CERTIFICATION

Defendant, Rama Construction Co., Inc. (hereinafter "Rama"), by and through its counsel, Paisner Litvin LLP, hereby moves this Court to deny Plaintiff's Motion for Conditional Certification and Notice under 29 U.S.C. §216(b).

In support of this motion, Rama Construction incorporates by reference and rely upon the Brief in Support filed contemporaneously herewith.

WHEREFORE, Defendant Rama Construction Co., Inc., respectfully requests that this Court deny Plaintiff's Conditional Certification with prejudice.

Dated:  June 25, 2019

Susan M. Cirilli, Esq.
PAISNER-LITVIN LLP
30 Rock Hill Road
Bala Cynwyd, Pennsylvania  19004
484.436.2122(P)

*Counsel for Defendant*
*Rama Construction Co. Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GINA DiFLAVIS,
  for herself and all others similarly situated,

                              *Plaintiff*

          v.

CHOICE HOTELS INTERNATIONAL,
INC., and

RAMA CONSTRUCTION CO., INC.,

                      *Defendants*

Civil Action No. 18-3914 (GEKP)

## DEFENDANT RAMA CONSTRUCTION CO., INC.'S BRIEF IN SUPPORT OF OPPOSITION TO PLAINTIFF'S CONDITIONAL CERTIFICATION

Defendant, Rama Construction, Co., Inc. ("Rama"), by and through its attorneys, Paisner Litvin LLP, hereby submits this Brief in Support of its Opposition to Plaintiff's Motion for Conditional Certification.

## I.   Introduction

Plaintiff's Motion for Conditional Certification is based on unsubstantiated allegations, and patently false averments that disregard the established record. In order to obtain Conditional Certification, Plaintiff must produce some evidence, beyond mere speculation, of a factual nexus between the policy governing Plaintiff's compensation and policy governing the compensation of employees of other Choice franchises.

Plaintiff has produced *no evidence* of a factual nexus. Plaintiff's case is based on her assertion that the Rama compensation policy, under which housekeepers receive $5 per room over assigned quota, violated the Fair Labor Standards Act and the Pennsylvania Minimum Wage Act.

3

Plaintiff cannot, however, produce evidence demonstrating that the policy at the Rama Hotel applied to housekeepers at any other Clarion Hotel franchise. As will be explained below, the policy is specific to the Rama Hotel and was a product of collective bargaining negotiations between Rama and a union that had previously represented the housekeepers. As the provenance of the policy at issue can be traced specifically to Rama, and was not adopted by Choice franchisees, Plaintiff's Motion for Conditional Certification must be denied.

## II.    Facts

On or about September 12, 2018, Plaintiff initiated the instant action via Complaint with the District Court for the Eastern District of Pennsylvania. ECF Doc. No. 1. On or about October 22, 2018, Plaintiff filed an Amended Civil Action Complaint that includes two (2) counts for unpaid overtime wages under the Fair Labor Standards Act and the Pennsylvania Minimum Wage Act. ECF Doc. No. 6.

Since the inception of this matter, Plaintiff's theory of the case is that Defendants failed to pay overtime based on the compensation policy of an hourly wage plus a $5.00 extra room incentive. ECF Doc. No. 6 at ¶42. The Amended Complaint alleges that Defendants failed to compensate the employees with overtime based on the aforementioned compensation policy. *Id.* This was reiterated by Plaintiff at her deposition. A true and correct copy of Plaintiff's Deposition Transcript is attached hereto as Exhibit A, at pp. 58:1-8, 64:6-16, 120:1-5, 122:3-24, 188:20-189:11, 321:20-22. Throughout her deposition Plaintiff confirms the compensation policy, and repeatedly claims that she was not paid overtime based on the compensation policy. *Id.* Plaintiff's entire case revolves around the theory that Defendants failed to compensate their employees based on the compensation structure that has been in place for well before Rama even operated as a Choice Hotel. *See Id.* at ¶47.

On or about January 2, 2019, Rama Construction Answered Plaintiff's Amended Complaint. ECF Doc. No. 25. Rama specifically denied a joint employer relationship with co-defendant, Choice Hotels International, Inc. *Id.* On or about May 31, 2019, Rama moved for Summary Judgment and reiterated this defense by joining in co-defendant Choice Hotels' Motion for Summary Judgment as it relates to same. *See* ECF Doc. Nos. 40 and 41.

Plaintiff claimed at deposition that Rama did not compensate her for overtime that she claims to have worked. ECF Doc. No. 6, *see also* Ex. A at pp. 58:1-8, 64:6-16, 120:1-5, 122:3-24, 188:20-189:11, 321:20-22. The record unequivocally shows that Plaintiff did not work overtime. *See* ECF Doc. No. 40. In fact, the record establishes that Rama paid Plaintiff in accordance with the compensation structure that was established in 2000 through collective bargaining and since maintained. *See* a true and correct copy of the Affidavit of Tom Wolf attached hereto as Exhibit B.

On October 1, 2000, Rama entered into a Collective Bargaining Agreement with the Hotel Employees and Restaurant Employees Union Local 274, AFL-CIO of Philadelphia and Vicinity. A true and correct copy of the 2000 Collective Bargaining Agreement is attached hereto as Exhibit C. The 2000 Collective Bargaining Agreement applies solely to a bargaining unit of housekeepers who worked at the premises located at 76 Industrial Highway, Essington, Pennsylvania, 19029 ("Essington Location"). *Id.* The Recognition Clause defines the scope and application of the Agreement:

> Employer recognizes the Union as the sole and exclusive collective bargaining agent for the employees employed by Employer…with respect to wages, hours of work, working conditions and other conditions of employment.

Ex. C, Art. 1. The Collective Bargaining Agreement defines "Employer" as Rama. Ex. C. The Agreement requires that housekeepers be paid an hourly wage. *Id.* at Article 18. Section 19.7 of

the Agreement establishes the room quota of 16 rooms. *Id.* at Sec. 19.7. Section 19.8 of the Agreement establishes that Housekeepers are to be compensated $5.00 for every room that is cleaned that is in excess of 16 rooms. *Id.* at Section 19.8. It must be noted that in 2000, Rama was doing business as a Ramada Inn franchisee, not as a Choice Hotel franchisee. *Id.* In other words, when the policy at issue was created, Rama had no connection whatsoever to Choice.

At the end of the term for the 2000 Collective Bargaining Agreement, Rama, then a Ramada Inn, negotiated a successor Agreement with Local 274. A true and correct copy of the 2005 Collective Bargaining Agreement is attached hereto as Exhibit D. As in the 2000 Collective Bargaining Agreement, the 2005 Agreement applied only to the premises located at Essington Location, and nowhere else. *See Id.* at Art. 1.

The compensation terms of a base wage and room incentive that were included in the 2000 Collective Bargaining Agreement, were maintained in the 2005 Collective Bargaining Agreement. *Id.* Article 18 sets forth the rate of hourly wage for the employees. *Id.* at Art. 18. Section 19.7 maintains the minimum room quota at 16. *Id.* Section 19.8 outlines the $5.00 incentive, for every room cleaned beyond 16. *Id.*

The next round of collective bargaining in 2008 once again maintained the pay framework from the two previous agreements of an hourly wage, plus $5.00 for every room cleaned beyond 16. A true and correct copy of the 2008 Collective Bargaining Agreement is attached hereto as Exhibit E. In 2008, Rama, then doing business as Ramada Inn, entered into a Collective Bargaining Agreement with Local 274 of the Philadelphia Joint Board, a successor union, running through September 30, 2011. Ex. D.

On December 16, 2010, during the term of the 2008 Collective Bargaining Agreement, Rama entered into a Franchise Agreement with Choice Hotels International, Inc. A true and

correct copy of the Franchise Agreement is attached hereto as Exhibit F.  On the date of the execution of the Franchise Agreement, the 2008 Collective Bargaining Agreement, including the compensation structure, were in effect and undisturbed by the Franchise Agreement.  *See* Ex. E and F.

On March 6, 2012 the National Labor Relations Board determined that Local 274 of the Philadelphia Joint Board had disclaimed interest in the bargaining unit at the Essington Location.  Ex. B at ¶26.  The employees at the Essington Location have not been represented by the Philadelphia Joint Board, or any other union since March 6, 2012.  *Id.*

On October 1, 2012, Rama commenced doing business as a Choice Hotels franchisee.  Ex. B at ¶25.  The compensation terms that were agreed upon and memorialized in the 2008 Collective Bargaining Agreement and the two prior agreements, including the $5 per extra room incentive, were maintained when Rama began operating as a Clarion Hotel on October 1, 2012.  Ex. B at ¶27.

## III.    Argument

When deciding whether a collective action may proceed, courts employ a two-step process. *Camesi v. University of Pittsburgh Medical Center*, 739 F.3d 239, 243 (3d. Cir. 2013).  The initial step requires plaintiff to move for conditional certification of the class.  *Genesis Healthcare Corporation v. Symczyk*, 569 U.S. 66, 75 (2013).  At this stage, plaintiff, "must produce some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Zavala v. Wal-Mart Stores, Inc.*, 691 F.3d 527, 536, n. 4 (3d. Cir. 2012), *see also*, *Mott v. Driveline Retail Merchandising, Inc.*, 23 F.Supp. 3d. 483, 486 (E.D.PA 2014).  Plaintiff must offer more than the allegations contained in the Complaint.  *Miller v. Wells Fargo Bank, N.A.*, 2018 WL

1532959 at *4 (E.D.Pa. March 29, 2018), *see also Halle v. West Penn Allegheny Health Systems, Inc.*, 842 F.3d. 215, 224 (3d. Cir. 2016).  When faced with a Motion for Conditional Certification, "the court conducts a preliminary inquiry into whether the plaintiff's proposed class members were collectively, 'the victims of a single decision, policy or plan." *Mott v. Driveline Retail Merchandising, Inc.*, 23 F. Supp. 3d at 486 (E.D.PA 2014).  Essentially, the court need only determine whether similarly situated plaintiffs exist. *Id.* at 489.

### A. Plaintiff's Claims are Based on a Compensation Policy and Practice that is Specific to the Location Operated by Rama

As outlined in Rama's Motion for Summary Judgment, Rama maintains that Plaintiff was not adversely affected by the compensation policy as the record clearly establishes that she did not work overtime.  ECF Doc. No. 40.  However, for the purposes of the Conditional Certification, the operative fact is that the compensation policy that applied to Plaintiff, and upon which her claim is based, is specific to the hotel operated by Rama located at Essington Location. *See,* Ex. B, C, D, and E.

Plaintiff is profoundly mistaken in her belief that the compensation policy of an hourly wage plus was extra room incentive was established and promulgated by the Franchise Agreement and the Rules and Regulations drafted by Choice Hotels, Inc. *See* ECF Doc. No. 44 at pp. 15-16, *see also* a true and correct copy of the Rules and Regulation attached hereto as Exhibit F, and the Franchise Agreement attached hereto as Exhibit G. The compensation terms are not promulgated by the Franchise Agreement, the Rules and Regulations, or the Handbook. *See* Ex. F, Ex. G, *see also* a true and correct copy of the Employee Handbook is attached hereto as Exhibit H.  While the Franchise Agreement requires that the franchisee adhere to the Rules and Regulations, it completely silent on the issue of compensation and pay.  Ex. G.

8

Neither does the Employee Handbook dictate the specific terms and requirements for compensation and overtime. Ex. H. Moreover, the Employee Handbook was prepared by Rama, *not* Choice Hotels. *See* a true and correct copy of Affidavit of Barbara Gumbs of Rama is attached hereto as Exhibit I. Plaintiff's Motion for Conditional Certification includes an unsupported assertion that, "Clarion Hotel has been required to distribute copies of the Clarion Hotel Employee Handbook to all employees, including Housekeepers." ECF Doc. No. 42 at p. 3. Plaintiff even includes this false assertion in her Declaration. A true and correct copy of Plaintiff's Declaration is attached hereto as Exhibit J. Paragraph 5 of her Declaration provides in part, "Based on my experience working as a Clarion Hotel Housekeeper, my familiarity with Defendants' policies and practices, discussions with my supervisors, discussions with other Clarion Hotel Housekeepers and my review of documents produced in this lawsuit, Clarion hotels are a chain operation, meaning that each location uses the same Employee Handbook." Ex. J. This is patently false.[2] Rama Construction drafted the Employee Handbook and distributed it only to the employees working at the Essington Location. *See* Ex. I.

Regardless, the Employee Handbook's only references to compensation are generalized statements regarding compliance with the law, not the $5 per extra room policy at the heart of this matter. The Handbook states that Rama will, "[c]omply with guidelines established by state and federal laws. In accordance with the FLSA "Wage Standards", Equal Pay Act and Age Discrimination Employment Act.") Ex. H at Sec. 5.1. Section 5.5 of the Handbook includes a general statement that Rama shall pay overtime in accordance with the federal and state laws.

---

[2] Plaintiff's inclusion of this unsupported and false statement is in violation of Federal Rule of Civil Procedure 11(b)(3), which proffers that, "an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." F.R.C.P. 11(b)(3).

*Id.*

As explained earlier the compensation structure upon which Plaintiff's bases her claim, is the product of a history of Collective Bargaining beginning in 2000, when Rama was operating as a Ramada, Inn. *See* Exhibits C, D, E and B. The Collective Bargaining Agreements are the only documents that set forth this compensation structure, and the Agreements apply specifically to the Essington Location. *Id.*

At this stage of the Certification process, Plaintiff must show that the, "proposed class members were collectively the victims of a single decision, policy, or plan." *Mott v. Drive Line Retail Merchandising, Inc.*, 23 F. Supp. 3d. 483, 486 (E.D. Pa. 2014). Plaintiff has not set forth any evidence on the record to demonstrate that employees beyond the Essington location were affected by the alleged violative policy,. As explained above, it is impossible that the employees at hotels other than the Essington location to have bene subject to the same policy and thus similarly situated, as the compensation terms were a product of a Collective Bargaining Agreement exclusive to that location. For that reason, Plaintiff does not provide any evidence that any individuals employed at other locations were in fact affected. Plf. Dep. At 129-135.

> Q: But you don't have any personal knowledge as to how housekeepers who were not employed at the Essington hotel but were and are employed at other Clarion Hotels are paid. Correct?
>
> [objections omitted]
>
> A: I know what I got paid. Why would it be different for anybody else? I just don't know why it would be different for anybody else. I see what I got paid. Why would I – I don't know why it would be different for any other Choice Hotels employees for the housekeeping. I don't know. I don't see why I should be singled out. It should be the same for everyone. Why wouldn't it be?

Pl. Dep. at pp. 131:18-132:13.  Plaintiff's testimony along with her allegations in the Amended

Complaint are pure speculation and thus do not meet the standard for Conditional Certification.

### B.  Plaintiff's Unsubstantiated and Vague Assertions of the Existence of Similarly Situated Employees is Not Enough

It is well established that a plaintiff's unsubstantiated and general assertions that other

employees' rights must have been violated does not meet the standard for conditional certification.

*See Miller v. Wells Fargo Bank, NA,* 2018 WL 1532959 at ¶4 (E.D. Pa. Mar. 29, 2018), *see also*

*Wright v. Lehigh Valley Hospital*, 2010 WL 3363992 at \*4 (E.D. Pa. Mar. 29, 2018).  The case at

bar is exactly analogous to *Wright v. Lehigh Valley Hospital.*  2010 WL 3363992 at \*4 (E.D. Pa.

Mar. 29, 2018).  In that case, plaintiff alleged that the employer hospital failed to "accurately track,

record, and report hours worked by her and other registered nurses."  *Id.* at \*2.  Plaintiff claimed

that her employer failed to compensate herself and other registered nurses for the overtime worked.

*Id.*

The Court in *Wright* did not grant conditional certification.  *Id.* at 4.  As in the instant

matter, the plaintiff in *Wright* failed to offer any evidence that would allow a court to deduce that

other employees were similarly situated.  *Id.* ("[Plaintiff] has failed to proffer any admissible

evidence would allow this Court could infer that other current or former registered nurses endured

deprivations similar to those [Plaintiff] allegedly experienced.")  Like Plaintiff in the case at bar,

the plaintiff in *Wright* did not identify any co-workers who were allegedly similarly situated.  *Id.*

("Although she makes repeated references to similarly situated nurses, she fails to name a single

registered nurse- other than herself – willing to opt-in to the purposed class.")  In fact, in that case

the plaintiff simply argued that other nurses' rights must have been violated, since her rights were

allegedly violated.  *Id.*  The Court did not find this argument to be persuasive.  *Id.* ("The Court

found that [Plaintiff's] argument that Defendants must have violated other nurses' rights because

their uniform policies and procedures allegedly violated her rights is insufficient to satisfy the modest factual showing test.") *Id., see also Sawyer v. Health Care Solutions at Home, Ind.*, 2018 WL 1959632 at *3 (E.D. Pa. April 25, 2018)("Without more, [plaintiff's] argument that Defendants must have violated other employees' rights because their policies allegedly violated his rights does not satisfy the modest factual showing test.")

As in *Wright*, Plaintiff at deposition simply repeated unsupported assertions that because her rights were allegedly violated, others rights were violated as well. *See* Plf. Dep.

> Q:    Did anybody else, any of the other housekeepers at the hotel express to you that they had problems with their paycheck?
>
> A:    No. Why would it be different for anybody else?  No.  Why would – no.  Why would it be different for everybody else?

Plf. Dep. at pp. 64:1-7.

> Q:    Ms. DiFlavis, did you go to any of your co-workers, any of the housekeepers and say, hey, I'm having a problem with my paycheck?  Did you express your concerns to any of your co-workers?
>
> A:    No.  Why would I get paid different from them?  Any – you know what I mean.  I figured – I don't know.
>
> Q:    So your answer is no?
>
> A:    My answer is no, I never went to my co-workers.

*Id.* at pp. 65:21-66:7.

> A:    I know my pay stubs.  I know that I worked hours that I didn't get paid for overtime hours and I got $5 extra a room, and I didn't really get $5 extra a room.  I don't see why it would be any different than anybody else, anybody else there.  Why would it be different how they got paid?  Do you know what I'm saying?
>
> Like I don't – you're asking me about somebody else there. I kind of figured we all get the same.  We work for Choice Hotels, we all get the same.  You ever eat a McDonald's or

> Burger King, you go to McDonald's or Burger King, if you
> get a Big Mac, you expect to be different. No, you don't. I
> don't know about anybody else. I know what's in front of
> me. That's it. I know what I worked, that's all.

Plf. Dep. at 122:3-24.   Such testimony is essentially identical to that of the plaintiff in *Wright,*
who simply *assumed* that others were similarly situated. The Court in *Wright* explicitly stated that
assuming others are similarly situated is not enough. 2010 WL 3363992 at 4. ("[Plaintiff] alleges
that her paychecks and stubs fail to reflect accurately her hours worked and that she was not paid
overtime in accordance with the law. But her unsupported assertion that [others] must have been
subjected to these same conditions is insufficient to sustain her minimal burden.")  As seen in
*Wright,* Plaintiff's theory that others must be affected because she herself claims to be, is not
sufficient for the Conditional Certification standard.

### C. Plaintiff Failed to Identify Any Similarly Situated Employees

Plaintiff's inability to identify even one other person  who was affected by Rama's alleged
violative policy does not meet to the standard of producing evidence "beyond mere speculation."
*Zavala v. Wal-Mart Stores, Inc.*, 691 F.3d. 526, 536, n. 4 (3d. Cir. 2012), *see also* Plf. Dep, ECF
Doc. No. 6, a true and correct copy of Plaintiff's Answers to Written Discovery attached hereto as
Exhibit K. Courts grant Motions for Conditional Certification when, *inter alia* Plaintiff identifies
other employees who would opt-in, in the event the matter gets certified. *See Mott v. Drive Line
Retail Merchandising, Inc.*, 23 F. Supp. 3d. 483, 486 (E.D. Pa 2014).  In *Mott* the Court granted
plaintiff's Motion for Conditional Certification when plaintiff offered 12 depositions that
confirmed the allegations of an FLSA violation. 23 F. Supp. 3d. at 486 (E.D. Pa 2014)("In addition
to the numerous depositions cited above in which the named Plaintiffs and proposed opt-in
plaintiffs described similar work responsibilities, Plaintiffs provided at least seven affirmations [of
the alleged unlawful employer practice].")*. See also, Rocha v. Gateway Funding Diversified*

*Mortgage Services, LP,* 2016 WL 3077936 at *4 (E.D. Pa June 1, 2016)(Court granted the Motion for Conditional Certification where two named Plaintiffs offered 5 Declarations of individuals who opted into the litigation.).

This Honorable Court denied Conditional Certification in *Sawyer v. Health Care Solutions at Home, Inc.* because Plaintiff's belief that others were harmed by an alleged unlawful practice without the testimony of any other employees was not enough to satisfy the "similarly situated employee" prong. 2018 WL 1959632 at *3 (E.D. Pa. April 25, 2018).

> [Plaintiff] offers only his own belief that Defendants did not factor bonuses into their calculation of other Driver/Service Representatives' and Customer Service Representatives' overtime pay. He presents no evidence that other employees were similarly situated with respect to their overtime rates. **The record contains no testimony of other employees that they, too, received, overtime pay at a rate that did not account for their bonuses and no evidence of a company policy that excluded bonuses from overtime rates.**

*Id.* As in *Sawyer,* Plaintiff offered no testimony from any other employee that claimed to be similarly harmed. Plaintiff did not offer any declarations of employees who are similarly situated, nor did she even identify any employees in the Amended Complaint, deposition or answers to written discovery. Plaintiff's failure to name a single employee who even might be affected by the alleged unlawful policy warrants denial of Plaintiff's Motion for Conditional Certification.

### D. Plaintiff's Declaration is Not Legally Sufficient

Even more, Plaintiff's Declaration is not legally sufficient for the Conditional Certification Standard. Ex. J. It is ripe with baseless allegations and contradictory assertions. *Id.* The Court in *Wright* explained, "[Plaintiff's] own declaration includes conclusory allegations and fails to name a single nurse, include any of their pay stubs or time sheets or any other information that

would allow this Court to make even a preliminary finding that this litigation can proceed as a collective action." 2010 WL 3363992 at *4 (E.D.Pa. Aug. 4, 2010).

In *Goldstein v. Children's Hospital of Philadelphia*, plaintiff declared that her belief of the existence of similarly situated employees is based on her "experience working with, talking to and observing [her] coworkers." 2012 WL 5250385 at *3 (E.D.Pa. Oct. 24, 2012). This language was not enough for the Court in *Goldstein*, explaining that plaintiff, "[provided] no indication of how she came to form this belief, and thus, whether there is a reasonable basis for it." *Id.* at *3. The Court went on to say that, "[her] declaration makes reference to the circumstances of other employees with no particularity and in only the most general terms." *Id.* Plaintiff's declaration is filled with baseless conclusions and general statements of her belief.

Paragraph 11 of Plaintiff's Declaration reads:

> On average, I was paid for less than 38 work hours per week, was never paid any wages for my overtime hours and was never paid an overtime premium rate ($13.50 per hour) for any overtime hour I worked in any week. **Since Clarion Hotels are a chain operation with common policies and procedures for every aspect of our job, I am confident that Housekeepers in other Clarion Hotels had the same issue getting paid for their overtime work.**

Plaintiff does not provide any basis or supporting information for her belief that other Housekeepers "had the same issue." *Id.* This is not enough for this matter to pass to the next phase of Certification.

WHEREFORE, for the above referenced reasons, Defendant, Rama Construction Co., Inc., respectfully requests that Plaintiff's Motion for Conditional Certification be dismissed with prejudice.

Dated:  June 25, 2019

Susan M. Cirilli, Esq.
PAISNER-LITVIN LLP

30 Rock Hill Road
Bala Cynwyd, Pennsylvania  19004
484.436.2122(P)
*Counsel for Defendant*
*Rama Construction Co. Inc.*